GARTNER *v.* HAND & COMPANY.

The matter alleged in the declaration was sufficient in law to entitle the plaintiff to maintain his action, the letters and cablegrams showing a complete contract.

January 19, 1891. By two Justices.

Contracts. Before Judge MADDOX. Floyd superior court. March term, 1890.

Reported in the decision.

WRIGHT, MEYERHARDT & WRIGHT, by brief, for plaintiff.

C. ROWELL, for defendants.

SIMMONS, Justice.

It appears from the record that Hand & Co. wrote the following letter to Gartner:

"Rome, Ga., ———, 188–.

"Carl Gartner, Hamburg, Germany:

"Sir:—We can furnish a considerable quantity of oak, white and red, of good quality, 2, 3, 4 and 5 inches thick, 10 to 24 inches wide, 12, 14 and 16 inches long. If you are situated so that you can handle this lumber, we shall be glad to hear from you as to quantity you can handle and price you can pay for the same."

Gartner replied as follows:

"Hamburg, 16th Nov., 1886.

"Messrs. F. C. Hand & Co., Rome, Ga., U. S. A.:

"Dear Sirs:—I duly received your favor without date, and now beg to submit you the following trial order, viz: 2 car-loads oak planks, wagon stuff [describing], price $40 per thousand feet, board measure, delivered Rotterdam, less my commission 5 per cent.; terms cash on arrival of the wood at Rotterdam, less 2½ per cent, or three months acceptance, your option. Please cable me on receipt of this your acceptance of this order or best possible counter offer. Shipment to be effected promptly. [Further description of the timber.] Awaiting your early cable, I am," etc.

"P. S.—Can you deliver oak floorings as per specifi-

cation enclosed ?   Then please cable your cheapest price."   [Then follows specification of marks and quantities of oak boards.   The specifications are for six car-loads of flooring and two car-loads of wagon stuff.]

To this letter Hand & Co. replied by cable as follows:

"Rome, Dec. 16th, 1886.
"Gartner, Hamburg:—Wagon stuff forty-two dollars, flooring forty-one."

Gartner replied by cable as follows:

"Hamburg, Dec. 17th, 1886.
"Hand & Co., Rome, Ga.: Accept wagon stuff, floorings, your prices, my conditions.   Immediate shipment, cable confirmation."

Hand & Co. replied by cable as follows:

"Rome, Ga., Dec. 18th, 1886.
"Gartner, Hamburg: Shipment begins next week."

It appears from the record that for some reason not stated, Hand & Co. refused to ship the timber to Gartner.   Whereupon Gartner filed a suit against them alleging breach of contract, and setting out in his declaration the above correspondence, and in addition thereto a letter from him to Hand & Co. dated December 17th, 1886, wherein he recites the correspondence by cable, and states his acceptance of the timber, and asks whether they will undertake to deliver regularly other kinds of timber, etc.   A letter from Hand & Co. to Gartner is dated December 18th, 1886, the same day as their telegram in which they state that the shipment begins next week.   This letter recites the correspondence by cablegram, and says:

"You will please understand that this order refers to the two car-loads of wagon stuff without too large knots, and to cars of flooring marked 'K,' 'R,' and 'S.'"

And the letter then adds:

"We can also fill order for balance of the cars of flooring in 30 to 40 days, but price will be a little higher."

When the case came on for trial, it was dismissed by the court on demurrer, on the ground that the matters set forth in the declaration are not sufficient to enable the plaintiff to maintain his action against the defendants; and to this ruling the plaintiff excepted.

We think the court erred in sustaining the demurrer to this declaration. It was argued by counsel for the defendants that the correspondence set out in the declaration clearly shows that there was no contract made between the parties; that their minds did not assent to the same thing; and for that reason the judgment sustaining the demurrer was not erroneous. We cannot take this view of it. It seems to us that there was a clear and distinct agreement between these parties, one to sell and the other to purchase a certain quantity of timber. Hand & Co. wrote to Gartner informing him that they had certain wagon stuff for sale, and asking if he could handle it. Gartner replied that he would take two car-loads of wagon stuff, and inquired if they could furnish oak boards for flooring (for which specifications were given), and if so, to cable him, and give prices. In reply they cabled the prices for the wagon stuff and the flooring, of course meaning the flooring the specifications of which he had sent them. Gartner replied accepting the price and asking immediate shipment, and they replied that the shipment would begin next week. Here then was an agreement between the parties as to the thing to be sold, its quantity and quality, and the price; and according to this correspondence, the minds of both parties must necessarily have assented to the same thing. It seems to us as clear and clean-cut a contract as could possibly have been made. But it is argued that when Gartner's last letter arrived, it contained specifications of much more timber than he had ordered in his first letter, and that this shows that their minds did not assent to the same

quantity and quality. We do not think the specification as to additional timber makes any difference as to the contract they had actually agreed upon. They had. agreed upon the shipment of six car-loads of flooring and two car-loads of wagon-stuff, and upon the price and quality thereof; and if Gartner subsequently ordered. more at the same price and of a different quality, the defendants were not obliged to fill the latter order;; they were only bound to fill the order to which they had agreed, to wit, the order contained in the letter of December 16th, 1886.

It was also contended by counsel for the defendants in error that the letter of Hand & Co. to Gartner, dated December 18th, 1886, explanatory of their telegram of the same day, shows that the parties had not agreed upon the same thing. That letter states, in substance, that they only meant to fill the order as to two car-loads of wagon stuff and three car-loads of flooring. We do not think this letter can be taken into consideration in determining whether or not the parties had made a contract; for before this letter was written. Gartner had accepted the offer of the defendants by cable, and they had cabled him in reply that they would. begin the shipment next week. When the last cable reply was sent, the contract was complete, and they could not change it by a letter written the same day and forwarded to Germany by mail. It is quite likely that before the letter left the post-office at Rome, Georgia, Gartner had received their cablegram in Hamburg,. and upon the strength of that cablegram made the contract with other persons in Hamburg for the sale of this. timber, which he alleges in his declaration he had made,. and for a breach of which, caused by the non-delivery of this timber by Hand & Co., he had been sued and a recovery had against him.          *Judgment reversed.*