6562

GREENWOOD GROCERY CO. v. CANADIAN COUNTY MILL
AND ELEVATOR CO.

1. EVIDENCE—LETTER—TELEGRAMS—CONTRACT.—An offer of goods at a certain price by cipher telegram, acceptance by wire, confirmation by wire without reference to a letter explaining terms of the contract, make up a complete contract without the letter, and it cannot be considered in determining the nature of the contract.

2. LETTER—ISSUES—JURY.—If the addressee of a letter testify he did not receive it, this, with the presumption that a letter deposited in the United States postoffice, properly addressed, postage prepaid, reaches its destination, was properly submitted to the jury on the issue whether the addressee received the letter.

Before PRINCE, J., Greenwood, Spring Term, 1906. Affirmed.

Action by Greenwood Grocery Co. against Canadian County Mill and Elevator Co. From judgment for plaintiff, defendant appeals.

*Messrs. W. K. Blake* and *Giles & Ouzts,* for appellant. The latter cites: *Was there a contract?* 7 Ency., 113; 9 Cyc., 398, 245; 21 S. E., 851; 15 S. E., 813, 826. *Phesumption is letter was received:* 1 Green. Ev., 137. *If so plaintiff practiced fraud and cannot recover:* 46 S. C., 220.

*Messrs. Greer & Park,* contra: *Offer and acceptance by telegram completes the contract:* 9 Cyc., 295; 50 Am. R., 754; 71 Am. D., 409; 93 Am. D., 511; Bish. on Con., sec. 328; Lawson on Con., sec. 22; Par. on Con., 288; 149 U. S., 421; 50 U. S., 396; 24 Ency., 1031; 12 S. E., 878; 136 U. S., 66; 202 U. S., 382; 9 How., 390; 11 N. Y., 441; 6 Wend., 103; 1 B. & H., 681; L. R., 7 Ch., 587; L. R., 4 Ex. D., 218; 15 R. I., 380; 31 Md., 1031; 12 Conn., 424; 7 Dana, 281; 42 Wis., 152; 4 Diel., 434; 32 Am. R., 40; 4 Ga., 1; 9 Post., 605; 2 Redf. Ry., 338; Pom. on Con., 95; 1 Par. on Con., 483; 2 Par. on Con., 257; Metf. on Con., 17; Thomp. on Elec., 425-478; Scott Tels., 295; Add. on Con., 16, 17; Joyce on Elec. L., sec. 881; 29 L. R. A., 432. *What kind of mistake Courts will relieve against:* 2 Strob. Eq., 154; Bail. Eq., 494; 21 S. C., 235; 46 S. C., 221; 49 S. C., 241; 9 Cyc., 246; 1 Hill Ch., 166.

June 17, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. On the 31st of August, 1904, defendant in response to inquiry for prices, wired plaintiff offering to deliver, subject to confirmation, standard patent flour at $4.75 per barrel packed in 24-pound sacks, using the telegraphic code word "health" to represent the price of the flour. Plaintiff replied to this message by wire ordering 250 barrels of flour "at prices wired today," to which defendant replied by telegram confirming the sale, again using

the code word "health," which it is admitted represents $4.75 per barrel, and on the same day wrote plaintiff: "We have your wire of 1st, saying to ship 250 barrels of standard patent flour to yourselves at prices named in our wire of the 1st, viz., $5.75 net delivered. We are booking this order and will make prompt shipment. * * *" The flour was shipped and the bill of lading with draft attached for the price thereof at $5.75 per barrel sent to the Bank of Greenwood. On receiving notice of the draft, plaintiff refused payment, claiming that he had purchased the flour at $4.75 per barrel through cipher telegrams. Upon refusal of the defendant to deliver the flour at that price, plaintiff brought this action to recover damages for breach of contract, and attached the flour. The trial of the cause resulted in a verdict and judgment thereon for plaintiff in the sum of $372.93, from which defendant appeals.

The main question presented by the appeal is whether or not the contract of sale was completed by the telegrams which passed between the parties. It is contended by appellant that a mistake was made in the telegram offering the flour at $4.75 per barrel, represented by the code word "health," that the price intended to be offered was $5.75 per barrel, represented by the code word "hoarsely" on the same horizontal line in the code book as the word used, "health," that in defendant's telegram of confirmation the word "health" was taken not from the code book, but from the file copy of the first telegram, and that on same day defendant wrote the letter to plaintiff, above quoted, stating the correct price, which letter should be considered in determining the terms of the contract of sale, and that plaintiff knew at the time of the receipt of the telegram that defendant had made a mistake both in the offer and in confirmation of the sale. The jury were instructed to find for the defendant if they were satisfied by the preponderance of the evidence that plaintiff knew of the mistake at the time the telegrams were passing. This question being squarely presented to the jury, we do not think the letter could be

considered in determining the nature of the contract, even if it had been shown that plaintiff received it, there being nothing in the telegram of confirmation indicating that a letter would follow explaining the terms of the contract. Before the letter was written, defendant had confirmed the sale by wire, and thus the minds of the parties met in a completed transaction. 9 Cyc., 295; Bishop on Contract, sec. 328; *Gartner* v. *Hand* (Ga.), 12 S. E. Rep., 878; *Barton* v. *U. S.*, 26 Sup. Ct. R., 700, and cases therein cited.

The appellant's unfortunate mistake appears to have been the result of its own want of care in selecting the wrong code word to denote the price quoted, and there was nothing to show that the mistake was occasioned by the fault, fraud, deceit or imposition of the plaintiff. *Coates & Sons* v. *Early*, 46 S. C., 221, 24 S. E., 305.

The second exception complains of error in the charge to the jury "that before a party to whom a letter is written is bound by the letter, the jury must be satisfied from the greater weight of the evidence that the party received the letter," the error being that the Court should have charged in this connection that if the letter is deposited in the U. S. Post Office properly addressed, with postage prepaid, there is a presumption in law that the letter reaches its destination, and the burden of proof is upon the addressee to show it was not delivered. Most of the authorities agree that such *prima facie* presumption exists, but the plaintiff having testified that no such letter was received, it was properly left to the jury to determine the issue by the preponderance of the evidence. Moreover, we have held that even if the letter had been received, it could not have the effect to change the contract completed by the previous telegram.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.